**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PHICK NG | * |
| 18 Dawn View Court | |
| Silver Spring, Maryland 20904 | * |
| | |
| *Personally and on Behalf of* | * |
| *All Others Similarly Situated* | |
| | * |
| Plaintiff, | |
| v. | *   Civil Action No.: |
| | |
| CENTER FOR CORRECTIONAL HEALTH | * |
| & POLICY STUDIES, INC. | |
| 803 Florida Avenue | * |
| Washington, D.C. 20001 | |
| | * |
| Serve: CT Corporation Systems | |
| 1015 15th Street NW | * |
| Suite 1000 | |
| Washington, D.C. 20005 | * |
| | |
| and | * |
| | |
| VALI ZABEHEIAN | * |
| Center Detention Facilities | |
| 3rd floor Medical Services | * |
| 1901 D Street, S.E. | |
| Washington, D.C. 20003 | * |
| | |
| and | * |
| | |
| RONALD SHANSKY | * |
| Center Detention Facilities | |
| 3rd floor Medical Services | * |
| 1901 D Street, S.E. | |
| Washington, D.C. 20003 | * |
| | |
| and | * |
| | |
| GWENDOLYN SINCLAIR | * |
| Center Detention Facilities | |
| 3rd floor Medical Services | * |
| 1901 D Street, S.E. | |
| Washington, D.C. 20003 | * |

|   |   |
|---|---|
| and | * |
| BENJAMIN GINYARD<br>Center Detention Facilities<br>3rd floor Medical Services<br>1901 D Street, S.E.<br>Washington, D.C. 20003 | *<br><br>*<br><br>* |
| and | * |
| JAMES COBB<br>803 Florida Avenue<br>Washington, D.C. 20001 | *<br><br>* |
| and | * |
| FELICIA LYNCH<br>803 Florida Avenue<br>Washington, D.C. 20001 | *<br><br>* |
| and | * |
| JACQUELINE BACCHAUS<br>803 Florida Avenue<br>Washington, D.C. 20001 | *<br><br>* |
| Defendants. | * |

## COMPLAINT

Plaintiff, Phick Ng, by and through his undersigned counsel, on behalf of himself and all others similarly situated, hereby complain against Defendants Center for Correctional Health and Policy Studies, Inc., Vali Zabeheian, Ronald Shanksy, Gwendolyn Sinclair, Benjamin Ginyard, James Cobb, Felicia Lynch, and Jacqueline Bacchaus (collectively, "Defendants") to recover unpaid back wages, overtime pay, liquidated damages, reasonable attorney's fees, and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); for overtime pay under the District of Columbia Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"); for breach of contract, promissory estoppel, quantum meruit, and unjust enrichment, as set forth below.

2

## PARTIES

1.   Phick Ng, M.D. ("Dr. Ng") is an adult resident of Maryland, residing at 18 Dawn View Court, Silver Spring, Maryland 20904.

2.   Defendant Center for Correctional Health and Policy Studies, Inc. ("CCHPS") is, on information and belief, a not-for-profit corporation, duly formed under the laws of the District of Columbia, with its principal place of business at 803 Florida Avenue, Washington, D.C. 20001 (formerly at 1717 K Street, N.W. Ste. 600, Washington, D.C. 20036). CCHPS provides health care services to the inmates at the Central Detention Facility located at 1901 D Street, S.E., Washington, DC 20003.

3.   Defendant Vali Zabeheian, on information and belief, is the Intake Coordinator and the Evening Supervisor for CCHPS. In addition, he is the Chairman of the Board of CCHPS.

4.   Defendant Ronald Shansky, on information and belief, is the Interim Medical Director and a Member of the Board of CCHPS.

5.   Defendant Gwendolyn Sinclair, on information and belief, is the Treasurer of CCHPS and is the Director of Pharmacy for CCHPS.

6.   Defendant Benjamin Ginyard, on information and belief, is the Chief Pharmacist and former Chairman of the Board of CCHPS.

7.   Defendant James Cobb, on information and belief, is the Chief Financial Officer of CCHPS.

8.   Defendant Felicia Lynch, on information and belief, is the Administrator of CCHPS.

9.   Defendant Jacqueline Bacchus, on information and belief, was the Interim Administrator of CCHPS.

10. At all times relevant, CCHPS, and each of the individual Defendants, were Plaintiff's "employer" for purposes of the FLSA and DCMWA.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." During the period of their employment with Defendants, Plaintiffs were engaged in interstate commerce within the meaning of §§ 3(b) and 7(a) of the FLSA, 29 U.S.C. §§ 203(b), 207(a). For the relevant time periods, CCHPS had gross revenues in excess of $500,000 per year.

12. Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

13. On or about February 19, 2003, CCHPS hired Dr. Ng as a Physician to treat inmates at the Central Detention Facility located at 1901 D Street, S.E., Washington, DC 20003. Defendants paid Dr. Ng hourly at a regular rate of $53.48 per hour. He worked many hours of overtime and was not compensated properly and according to law as he was not paid for all of his overtime at the overtime rate.

## CAUSES OF ACTION

### COUNT I
### (Violation of Fair Labor Standards Act)
### (All Defendants)

14. Plaintiff realleges each and every allegation set forth in Paragraphs 1-13 as if each were set forth herein.

15. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

16. Plaintiff, and all others similarly situated, were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and the Defendants were Plaintiff's "employer" and the employer of those similarly situated. Plaintiff and others similarly situated were entitled to and are owed overtime pay at the rate of one and one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) hours in a given work week. Defendants, as the employer, were obligated to compensate Plaintiff and those similarly situated for overtime hours worked at the overtime rate.

17. Defendants have failed and refused to compensate Plaintiff and others similarly situated properly and as required by law for overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Plaintiff pray that he be awarded judgment on Count I of his Complaint against Defendants, jointly and severally, for unpaid overtime wages in such amounts as are proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)
### (All Defendants)

18.  Plaintiff realleges each and every allegation set forth in Paragraphs 1-17 as if each were set forth herein.

19.  Plaintiff was an "employee," and Defendants were his "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Under the DCMWA, Defendants, as Plaintiff's employer, were obligated to pay Plaintiff overtime wages for work performed beyond forty (40) hours in a given workweek.

20.  Plaintiff worked over forty hours per week on a regular basis. Defendants owe Plaintiff overtime premium pay under the DCMWA.

21.  Defendants' failure and refusal to pay wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, under Count II, for all unpaid wages in such amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
### (Breach of Contract)
### (Defendant CCHPS only)

22.  Plaintiff realleges each and every allegation set forth in Paragraphs 1-21 as if each were set forth herein.

23.  CCHPS' Personnel Manual expressly states that its Manual describes "some of

the benefits [employees] will receive as a CCHPS employee." *See* Exhibit 1. The benefits cited in the CCHPS' Personnel Manual constituted an offer which, when accepted by Plaintiff by virtue of his accepting employment with CHPS created a binding contract.

24. According to the Personnel Manual, in consideration of employment, CCHPS provides employees with accrued leave as follows: "4 hours per period for salaried employees and 3.5 hours per pay period for hourly employees." *Id.*

25. According to CCHPS' Personnel Manual, in consideration of employment, CCHPS promises reimbursement for "expenses related to travel and conference participation specifically related to Detention Facilities activities, meeting related materials or refreshments, or printing and educational aids." *Id.*

26. According to CCHPS' Personnel Manual, in consideration of employment, CCHPS promised that its "[h]ourly employees [will be] paid at the rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours per week." *Id.*

27. Plaintiffs accepted CCHPS offer of employment, which included, *inter alia*, those benefits mentioned in CCHPS' Personnel Manual. The promises cited in CCHPS' Personnel Manual constituted terms of its contract with Plaintiffs.

28. CCHPS received the benefit of Plaintiff's performance under the contract. Plaintiff performed under the contract as CCHPS' Physician for its inmates at the Central Detention Facility located at 1901 D Street, S.E., Washington, DC 20003.

29. CCHPS materially breached the contract by, *inter alia*: (1) refusing to reimburse Plaintiff under CCHPS' expense reimbursement policy; and (2) failing to pay Plaintiff his overtime pay under CCHPS' overtime policy. As a result of the breach of contract by CCHPS, Plaintiff has suffered damages.

WHEREFORE, CCHPS is liable to Plaintiff under Count III of the Complaint for all unpaid overtime wages in such amounts to be proved at trial, interest (both pre- and post-judgment), attorney's fees and the cost of this action. In addition, CCHPS is liable to Plaintiff for refusing to reimburse him under CCHPS' expense reimbursement policy; and any other and further relief this Court deems appropriate.

## COUNT IV
### (Promissory Estoppel)
### (Defendant CCHPS only)

30. Plaintiff realleges each and every allegation set forth in Paragraphs 1-29 as if each were set forth herein.

31. CCHPS reasonably expected that its promises in its Personnel Manual would induce Plaintiff to accept employment. The benefits cited in the CCHPS' Personnel Manual constitutes promises that CCHPS intended for Plaintiff to rely on when they accepted employment.

32. Plaintiff reasonably relied upon CCHPS' promises in its Personnel Manual when Plaintiff accepted employment.

33. CCHPS received the benefit of Plaintiff's valuable services as a Physician for its inmates at the Central Detention Facility located at 1901 D Street, S.E., Washington, DC 20003.

34. CCHPS broke its promises to Plaintiff by, *inter alia*: (1) refusing to reimburse Plaintiff under CCHPS' expense reimbursement policy; and (2) failing to pay Plaintiff his overtime pay under CCHPS' overtime policy. As a result of the CCHPS's broken promises, Plaintiff has suffered damages.

WHEREFORE, CCHPS is liable to Plaintiff under Count IV of the Complaint for all unpaid overtime wages in such amounts to be proved at trial, interest (both pre- and post-judgment), attorney's fees, and the cost of this action. In addition, CCHPS is liable to Plaintiff

for refusing to reimburse him under CCHPS' expense reimbursement policy; and any other and further relief this Court deems appropriate.

## COUNT V

### (Quantum Meruit)
### (Defendant CCHPS only)

35. Plaintiff realleges each and every allegation set forth in Paragraphs 1-34 as if each were set forth herein.

36. CCHPS reasonably expected that its promises in its Personnel Manual would induce Plaintiffs to accept employment. The benefits cited in the CCHPS' Personnel Manual constitutes promises that CCHPS intended for Plaintiff to rely on when they accepted employment.

37. Plaintiff reasonably relied upon CCHPS' promises in its Personnel Manual when Plaintiff accepted employment.

38. CCHPS received the benefit of Plaintiff's valuable services as a Physician for its inmates at the Central Detention Facility located at 1901 D Street, S.E., Washington, DC 20003.

39. CCHPS accepted and enjoyed the services provided by Plaintiff.

40. CCHPS understood that Plaintiff expected to be fully paid for their services.

WHEREFORE, CCHPS is liable to Plaintiff under Count V of the Complaint for all unpaid overtime wages in such amounts to be proved at trial, interest (both pre- and post-judgment), attorney's fees, and the cost of this action. In addition, CCHPS is liable to Plaintiff for refusing to reimburse him under CCHPS' expense reimbursement policy; and any other and further relief this Court deems appropriate.

## COUNT VI

### (Unjust Enrichment)
### (Defendant CCHPS only)

41. Plaintiff realleges each and every allegation set forth in Paragraphs 1-40 as if each were set forth herein.

42. CCHPS reasonably expected that its promises in its Personnel Manual would induce Plaintiff to accept employment. The benefits cited in the CCHPS' Personnel Manual constitutes promises that CCHPS intended for Plaintiff to rely on when he accepted employment.

43. Plaintiff reasonably relied upon CCHPS' promises in its Personnel Manual when Plaintiffs accepted employment.

44. CCHPS received the benefit of Plaintiff's valuable services as a Physician for its inmates at the Central Detention Facility located at 1901 D Street, S.E., Washington, DC 20003.

45. CCHPS knew of the benefit Plaintiff was conferring upon it.

46. CCHPS appreciated the benefit Plaintiffs were conferring upon it.

47. Since CCHPS accepted and retained the benefit of Plaintiff's employment, it would be inequitable for CCHPS to retain the benefit without payment of the value performed by Plaintiff.

WHEREFORE, CCHPS is liable to Plaintiff under Count VI of the Complaint for all unpaid overtime wages in such amounts to be proved at trial, interest (both pre- and post-judgment), attorney's fees, and the cost of this action. In addition, CCHPS is liable to Plaintiff for refusing to reimburse him under CCHPS' expense reimbursement policy; and any other and further relief this Court deems appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

      Respectfully submitted,

_____
Philip B. Zipin, Bar No.: 367362
Steven E. Kaplan, Bar No.: 492408
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
301-587-9373
301-587-9397 (fax)
pzipin@zipinlaw.com
skaplan@zipinlaw.com

Counsel for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Phick Ng
18 Dawn View Court
Silver Spring, MD 20904

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven E. Kaplan, Esq.
8403 Colesville Rd., Ste. 610
Silver Spring, MD 20910
(301)587-9373
skaplan@zipinlaw.com

## DEFENDANTS

Center For Correctional Health & Policy Studies, Inc. Serve: CT Corporation Systems and Vali Zabeheian and Ronald Shansky and Gwendolyn Sinclair and Benjamin Ginyard and James Cobb and Felicia Lynch and Jacqueline Bacchaus

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER  1:07CV00389
JUDGE: Ellen Segal Huvelle
DECK TYPE: General Civil
DATE STAMP: 02/22/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 U.S.C. 201 et. seq. (FLSA)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in complaint  
JURY DEMAND:  YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE 2/20/07    SIGNATURE OF ATTORNEY OF RECORD

2/22/07

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.