## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**PHICK NG**                              :
**18 Dawn View Court**                    :
**Silver Spring, MD  20904**              :
                                          :
                                          :
  **Plaintiff**                 :
                                          :
  **v.**                        :  **Civil Action No. 1:07CV00389**
                                          :  **ESH**
**CENTER FOR CORRECTIONAL HEALTH**        :
**& POLICY STUDIES, INC et al.**          :
**803 Florida Avenue, N.W.**              :
**Washington, D.C.  20001**               :
                                          :
                                          :
  **Defendants**                :


## ANSWER TO COMPLAINT AND JURY DEMAND BY DEFENDANT GWENDOLYN SINCLAIR

COMES NOW, Defendant, Gwendolyn Sinclair by and through counsel J. Anthony Towns, Esquire and in answer to Plaintiff's Complaint states as follows:

### PARTIES

1.  Defendant, Gwendolyn Sinclair is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies same and demands strict proof thereof.

2.     Defendant, Gwendolyn Sinclair admits that the Center for Correctional Health and Policy Studies, Inc ("CCHPS") formerly provided health care services to inmates at the Central Detention Facility located at 1901 D Street, S.E., Washington, D.C. 20003 and denies the remaining allegations contained in paragraph 2 of the Complaint.

3.     Defendant, Gwendolyn Sinclair admits that Defendant Vali Zabeheian is the former Intake Coordinator and Evening Supervisor for CCHPS.  In addition, he is the Chairman of the CCHPS Board of Directors.

4.     Defendant, Gwendolyn Sinclair admits that Defendant Ronald Shansky is the former Interim Medical Director for CCHPS.  In addition, he is the President of the CCHPS Board of Directors.

5.     Defendant, Gwendolyn Sinclair admits that she is the treasurer of CCHPS.  In addition, she is the former Director of Pharmacy of CCHPS.

6.     Defendant, Gwendolyn Sinclair admits that Defendant Benjamin Ginyard is the former Chief Pharmacist and former Chairman of the CCHPS Board of Directors

7.     Defendant, Gwendolyn Sinclair admits the allegations contained in paragraph 7 of the Complaint.

8.     Defendant, Gwendolyn Sinclair admits that Defendant Felicia Lynch is the former Administrator of CCHPS.

9.     Defendant, Gwendolyn Sinclair admits that Defendant Jacqueline Bacchus is the former Interim Administrator of CCHPS.

10.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 10 of the Complaint.

**JURISDICTION AND VENUE**

11.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 12 of the Complaint.

**STATEMENT OF FACTS**

13.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 13 of the Complaint.

**CAUSES OF ACTION**
**COUNT I**
**(Violation of Fair Labor Standards Act)**
**(All Defendants)**

14.     Defendant, Gwendolyn Sinclair incorporates by reference herein her responses to the allegations contained in paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.     Defendant, Gwendolyn Sinclair is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies same and demands strict proof thereof.

16.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 17 of the Complaint.

**COUNT II**
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Overtime)**
**(All Defendants)**

18.     Defendant, Gwendolyn Sinclair incorporates by reference herein her responses to the allegations contained in paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 21 of the Complaint.

**COUNT III**
**(Breach of Contract)**
**(Defendant CCHPS only)**

22.     Defendant, Gwendolyn Sinclair incorporates by reference herein her responses to the allegations contained in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

23.     The allegations contained in paragraph 23 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

24.     The allegations contained in paragraph 24 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

25.     The allegations contained in paragraph 25 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

26.     The allegations contained in paragraph 26 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

27.     The allegations contained in paragraph 27 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

28.     The allegations contained in paragraph 28 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

29.     The allegations contained in paragraph 29 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

**COUNT IV**
**(Promissory Estoppel)**
**(Defendant CCHPS only)**

30.     Defendant incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31.     The allegations contained in paragraph 31 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

5

32.     The allegations contained in paragraph 32 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

33.     The allegations contained in paragraph 33 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

34.     The allegations contained in paragraph 34 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

**COUNT V**
**(Quantum Meruit)**
**(Defendant CCHPS only)**

35.     Defendant incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.     The allegations contained in paragraph 36 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

37.     The allegations contained in paragraph 37 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

38.     The allegations contained in paragraph 38 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

39.     The allegations contained in paragraph 39 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

40.     The allegations contained in paragraph 40 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

## COUNT VI
### (Unjust Enrichment)
### (Defendant CCHPS only)

41.     Defendant incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42.     The allegations contained in paragraph 42 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

43.     The allegations contained in paragraph 43 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

44.     The allegations contained in paragraph 44 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

45.     The allegations contained in paragraph 45 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

46.    The allegations contained in paragraph 46 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

47.    The allegations contained in paragraph 47 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

## FIRST DEFENSE

That the Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant denies all allegations not specifically admitted herein.

## THIRD DEFENSE

Defendant avers that the Complaint is barred by the applicable statute of limitations.

## FOURTH DEFENSE

Defendant will rely upon all defenses lawfully available to it including, but not limited to, those already asserted herein.

## FIFTH DEFENSE

Defendant avers that any alleged acts or omissions of the Defendant were not the proximate cause of any harm to the Plaintiff.

## SIXTH DEFENSE

Defendant will rely upon all statutory and common law defenses lawfully available.

WHEREFORE, defendant, Gwendolyn Sinclair respectfully requests that the Complaint filed herein against her be dismissed with prejudice, costs and interest as provided by law assessed against the plaintiff and that the defendant be granted such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____"/s/J. Anthony Towns, Esq."_____
J. Anthony Towns, Esq., #433435
803 Florida Avenue, N.W.
Washington, D.C.  20001
(202) 265-2300
Attorney for Defendant

## JURY DEMAND

Defendant demands a trial by jury as to all issues raised herein.

_____"/s/J. Anthony Towns, Esq."_____
J. Anthony Towns, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically served, on the 17th day of July, 2007 to: Philip B. Zipin, Esquire 8403 Colesville Road, Suite 610, Silver Spring, Maryland 20910 and Steven Kaplan, Esquire, 8403 Colesville Road, Suite 610, Silver Spring, Maryland 20910.

_____"/s/J. Anthony Towns, Esquire"___
J. Anthony Towns, Esquire

9